**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.I., o/b/o R.G., | : CIVIL ACTION NO. 10-2602 (MLC) |
| Plaintiff, | : |
| v. | : **MEMORANDUM OPINION** |
| PHILLIPSBURG BOARD OF EDUCATION, | : |
| Defendant. | : |

**COOPER, District Judge**

Plaintiff, D.I., on behalf of her minor child R.G., brings this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., seeking an award of attorneys' fees and related costs pursuant to 20 U.S.C. § 1415(i)(3)(B).  (Dkt. entry no. 1, Compl.)  Plaintiff now moves for summary judgment, arguing that she (1) is the prevailing party in the underlying matter, and (2) should be awarded attorneys' fees and related costs as to both the underlying matter and the current fee application.  (Dkt. entry no. 9, Pl. Mot. Summ. J.; Pl. Br. at 1; Stoloff Cert. at 4.)  Defendant, Phillipsburg Board of Education, opposes the motion.  (Dkt. entry no. 12, Def. Opp'n.)

The Court decides the motion on the papers without oral argument, pursuant to Federal Rule of Civil Procedure ("Rule") 78(b).  For the reasons that follow, the Court holds that

Plaintiff may recover $16,152.50 in attorneys' fees and $613.99 in related costs.

## BACKGROUND

R.G. has been a student in the Phillipsburg School District since kindergarten. R.G. is classified as multiply disabled, and has received special education services since 2003. (Dkt. entry no. 9, Pl. Stmt. Facts at ¶ 2; Compl. at 2.) Plaintiff, through counsel, sent a letter to Defendant in January 2010 requesting that Defendant provide R.G. the following independent educational evaluations: (1) neuropsychological evaluation, (2) audiological and auditory processing evaluation, and (3) speech-and-language evaluation. (Pl. Stmt. Facts at ¶ 3; Compl. at 2; dkt. entry no. 12, Def. Stmt. Facts at ¶ 1.) Plaintiff also requested that Defendant order a functional behavior assessment for R.G. (Dkt. entry no. 12, Souders Cert., Ex. A, 1-27-10 Letter from Pl. Counsel to Def. Counsel ("1-27-10 Letter").)

Defendant petitioned for a due process hearing on March 3, 2010, to determine which evaluations, if any, it would be obligated to provide. (Pl. Stmt. Facts at ¶ 4; Def. Stmt. Facts at ¶ 4; Compl., Ex. A, Due Process Pet.) During a March 17, 2010 mediation conference, the parties agreed that Defendant would provide (1) an "in-house" functional behavior assessment, and (2) an independent audiological and auditory processing evaluation. (Pl. Stmt. Facts at ¶ 6; Def. Stmt. Facts at ¶ 5.) The remaining

two evaluations remained in dispute between the parties, and a due process hearing was scheduled for April 16, 2010.  (Pl. Stmt. Facts at ¶ 8.)

The parties reached a settlement on the morning of the due process hearing, before the hearing occurred.  (Id. at ¶ 9.)  The settlement was memorialized in a Final Consent Order providing that Defendant would provide (1) "an 'in-house' (i.e. District-conducted) Functional Behavior Assessment," (2) "an independent audiological and auditory-processing evaluation(s)," and (3) $3,500 toward the cost of "an independent neuropsychological evaluation," to be conducted by an evaluator selected by the presiding Administrative Law Judge ("ALJ").  (Compl., Ex. B, Phillipsburg Bd. of Educ. v. C.G. and D.I. o/b/o R.G., OAL dkt. no. EDS 03318-2010, Final Consent Order dated 4-22-10.)  The Final Consent Order stated:

> This Consent Order is without prejudice to the rights, claims and defenses of both parties on the issue of any application for attorney's fees.  As neither the issue of prevailing party status or attorneys fees was before this tribunal, no determination has been made as to whether either party is the prevailing party.

(Final Consent Order at ¶ 9.)

Defendant opposes Plaintiff's fee application on the bases that the relief granted to Plaintiff was incomplete in relation to the four evaluations sought, and that the numbers of hours expended by Plaintiff's counsel on the underlying matter and

current fee application are unreasonable in comparison to its own time expenditures.  Plaintiff contends that Defendant's opposition to the motion must be disregarded under Local Civil Rule 6.1 for failure to comport with the briefing schedule.  (Dkt. entry no. 14, Pl. Reply at 1-2.)  The Court, in the interest of justice, will consider the late-filed opposition papers.  See Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (stating that a movant is not automatically entitled to summary judgment simply because the non-movant does not oppose the motion).

## DISCUSSION

### I. Legal Standards For Attorneys' Fees Under the IDEA

#### A.  "Prevailing Party" Status

The fee-shifting provision of the IDEA provides that a court, "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  The parties do not dispute that R.G. is a "child with a disability" for purposes of the IDEA.

"In order to be a 'prevailing party,' a party must be 'successful' in the sense that it has been awarded some relief by a court."  P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir. 2006) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)); see

also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating that parties are "prevailing" where they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit").  Thus, a party need not achieve all of the relief requested in order to be eligible for a fee award.  J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002).  The relief awarded must constitute a "change in the legal relationship of the parties" that is "judicially sanctioned."  Buckhannon, 532 U.S. at 605; P.N., 442 F.3d at 853.

    A stipulated settlement may confer prevailing party status where it (1) contains mandatory language, (2) is entitled "Order," (3) bears the signature of a judge, and (4) provides for judicial enforcement.  John T. ex rel. Paul T. v. Del. Cnty. Intermed. Unit, 318 F.3d 545, 558 (3d Cir. 2003) (citing Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002)).  Consent decrees entered by an ALJ in administrative proceedings are judicially enforceable through an action under 42 U.S.C. § 1983 and state law.  P.N., 442 F.3d at 854-55; see also Buckhannon, 532 U.S. at 604 ("[S]ettlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. . . . [A] consent decree . . . is a court-ordered change in the legal relationship between the plaintiff and the defendant.") (internal quotation and citations omitted).

### B.     Reasonable Attorneys' Fee

The fee award to a prevailing party under the IDEA "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. This figure, called the "lodestar," is "strongly presumed to yield a reasonable fee." Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of both the hours worked and rates claimed. Hensley, 461 at 433; Apple Corps v. Int'l Collectors Soc'y, 25 F.Supp.2d 480, 484 (D.N.J. 1998). Upon such a showing, the burden shifts to the party opposing the fee to contest the reasonableness of either the hourly rate requested or the number of hours expended. Id. at 485. The Court has wide discretion to adjust the attorneys' fee if the nonmovant has shown that the fee requested is unreasonable, or if the lodestar is not reasonable in light of the results obtained. F.B. v. E. Orange Bd. of Educ., No. 08-1206, 2008 WL 4513874, at *7 (D.N.J. Sept. 30, 2008). However, the Court may not adjust the prevailing party's requested attorneys' fees for reasons not

6

raised by the objecting party. McDonald v. McCarthy, 966 F.2d 112, 119 (3d Cir. 1992) (holding that a district court "may not, sua sponte, reduce the award requested unless such order is based on the court's personal knowledge as to the time expended on the case").

**II.  Legal Standards Applied Here**

   **A.   "Prevailing Party" Status**

Plaintiff argues that she is entitled to reasonable attorneys' fees as the prevailing party, because "by having obtained three of the four evaluations, Plaintiff obtained the relief she sought." (Pl. Br. at 6.) Defendant contends that while it voluntarily agreed to provide two of the four evaluations sought by Plaintiff, "Plaintiff only achieved a fraction of what they [sic] sought to achieve relative to the independent evaluations in question." (Def. Stmt. Facts at ¶ 9.) Specifically, Defendant points out that it (1) did not agree to provide the "speech-and-language" independent evaluation sought by the Plaintiff, and (2) only agreed to pay $3,500, not the entire amount, toward a neuropsychological evaluation, which it contends is different from the "neuro-psycho-educational evaluation" sought by Plaintiff in her initial letter to Defendant seeking independent educational evaluations. (Id.)[1]

---

[1] Any allusion by Defendant to the fact that the functional behavior assessment was ordered to occur "in-house," or by the District, as opposed to independently, as a basis for diminishing

7

Plaintiff concedes that she did not prevail as to the speech and language evaluation. This fact does not foreclose prevailing party status; "as long as a plaintiff achieves some of the benefit sought in a lawsuit, . . . the plaintiff can be considered the prevailing party for purposes of a fee award." Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991).

Defendant's arguments regarding the degree to which Plaintiff prevailed in seeking a neuropsychological evaluation appear specious. The undisputed record shows that (1) the ALJ ultimately appointed the independent neuropsychological evaluator originally suggested by Plaintiff, and (2) the $3,500 figure Defendant agreed to pay towards an independent neuropsychological evaluation satisfied that evaluator's bill in full. (Compl., Ex. B, 4-22-10 Order on Expert Appointment (appointing Dr. Joel Morgan, Ph.D, "as the neuropsychological evaluator to conduct an independent evaluation of R.G. . . . consistent with the terms and conditions of the Consent Order dated April 22, 2010"); 1-27-10 Letter (stating that Plaintiff had selected Dr. Morgan to conduct the "neuro-psycho-educational evaluation"); dkt. entry

---

the degree to which Plaintiff should be considered a prevailing party, is irrelevant. Plaintiff never specified in her original demand letter to Defendant that she wanted the functional behavior assessment to occur independently, as opposed to the other three evaluations sought. (See 1-27-10 Letter; Def. Opp'n at 8.)

no. 14, Stoloff Reply Cert. & Ex. A, Billing Statement of Dr. Morgan (showing $3,500 amount due for "Neuropsychological Evaluation, Complete"); compare Def. Stmt. Facts at ¶ 9 (stating that Plaintiffs sought "neuro-psycho-educational" evaluation) with Def. Opp'n at 8 ("Plaintiff sought . . . a neuro-psychological evaluation").)  Defendant has made no showing in support of its bare contention that a "neuro-psycho-educational evaluation" differs from the "neuropsychological evaluation" in the educational context as ordered by the ALJ.  In light of the fact that the ALJ selected the evaluator originally proposed by Plaintiff to carry out the evaluation, and ordered Defendant to pay the exact amount ultimately charged by that evaluator, we find that Plaintiff prevailed fully in seeking and receiving an independent neuropsychological evaluation.

    Plaintiff succeeded in obtaining three out of four of the evaluations sought, thereby achieving "some of the benefit . . . sought" in the due process proceedings.  (See Final Consent Order at ¶¶ 1-3.)  Hensley, 461 U.S. at 433.  The Final Consent Order awarding these benefits contains mandatory language, bears the signature of an ALJ, and is judicially enforceable.  (Id.)  See P.N., 442 F.3d at 854-55.  We therefore conclude that Plaintiff is the prevailing party here.

9

**B.     Determination of Reasonable Attorneys' Fees & Costs**

**1.   Attorneys' Fees**

**a.      Calculation of the Lodestar**

Plaintiff's counsel charges an hourly rate of $175.00. (Stoloff Cert. at 3.)  Plaintiff has provided the declarations of two experienced special education law practitioners, who state that $175.00 per hour is a reasonable rate for someone of Plaintiff's counsel's experience and expertise, and well within the range of prevailing rates charged by attorneys with comparable skill and experience in New Jersey.  (Dkt. entry no. 9, Holland Decl. & Lowenkron Decl.)  Defendant does not challenge the reasonableness of Plaintiff's counsel's hourly rate.  (Def. Opp'n at 8; Souders Cert. at ¶ 13.)  Therefore, the Court accepts Plaintiff's counsel's $175.00 hourly rate for purposes of calculating the lodestar.  See F.B., 2008 WL 4513874, at *11 (finding counsel's requested rate reasonable where counsel provided "affidavits from two local attorneys" who perform comparable legal work "attesting that the fees requested are within prevailing market rates," where defendant did not object to those rates); P.G. v. Brick Twp. Bd. of Educ., 124 F.Supp.2d 251, 261-62 (D.N.J. 2000).

Plaintiff's counsel asserts that he spent 68 hours in representing Plaintiff in the underlying matter and 24.3 hours representing Plaintiff in this action.  (Stoloff Cert. at 2-3 &

Ex. B, Timesheet for "fee-on-fee" ("Fee Application Timesheet"); Compl., Ex. C, Timesheet for due process proceedings ("Due Process Proceedings Timesheet").)  Defendant contends only that its counsel "has expended far less – perhaps one-half (1/2) – of the time expended by" Plaintiff's counsel in the underlying due process proceedings, and "has expended far less than Attorney Stoloff on this entire case."  (Def. Stmt. Facts at ¶ 10; Souders Cert. at ¶ 13; see also Def. Opp'n at 8.)

We find that Plaintiff has adequately supported the reasonableness of the hours expended by counsel in both the underlying due process proceedings and this action for fees with detailed timesheets submitted in connection with the Complaint and the motion for summary judgment.  (Fee Application Timesheet; Due Process Proceedings Timesheet.)  The Court's close review of these timesheets reveals no excessive or unnecessary preparation by counsel, and we conclude that the time spent by Plaintiff's counsel on these matters has been reasonable.  See P.G., 124 F.Supp.2d at 262-63.  Defendant's bare allegation that its counsel expended "perhaps one-half" of the time expended by Plaintiff's counsel, without more, fails to carry Defendant's burden of showing that Plaintiff's counsel's time expenditures are unreasonable. See J.N. v. Mt. Ephraim Bd. of Educ., No. 05-2520, 2007 WL 4570051, at *2 (D.N.J. Dec. 21, 2007) ("The higher the hourly rate charged by an attorney based upon his or her

11

skill or experience, the shorter the time it should take the attorney to perform a particular task."). Therefore, we accept Plaintiff's contention that her counsel spent 92.3 hours on the underlying due process proceedings and the current fee application for purposes of calculating the lodestar. The lodestar for Plaintiff's attorney's fee is thus ($175.00 x 92.3) = $16,152.50.

### b. Adjustment of Fee Award Based on Degree of Success Obtained

Defendant contends that Plaintiff's attorney's fee is "excessive and in no manner commensurate with . . . the limited success achieved in the underlying due process proceedings," and urges the Court to exercise its discretion to adjust the fee amount downward based on Plaintiff's "limited or partial success." (Def. Opp'n at 6-8.) Plaintiff replies that because her counsel achieved an "excellent result" based on the litigation as a whole, the Court should award the entire attorney's fee requested. (Pl. Br. at 11.) See Hensley, 461 U.S. at 435-36 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.").

We find that an award of the full lodestar amount is appropriate here. The <u>Hensley</u> Court rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." <u>Id.</u> at 435 n.11. The relief sought by Plaintiff was, generally, up-to-date independent educational evaluations in order to optimize the formulation of R.G.'s Individualized Education Plan. (<u>See</u> Compl. at ¶¶ 3-5.) The elements of the relief sought were related in that they were all (1) sought to be paid at public expense, pursuant to 34 C.F.R. § 300.503 <u>et seq.</u> and N.J.A.C. § 6A:14-2.5(c) <u>et seq.</u>, and (2) sought from Defendant, as opposed to multiple defendants. <u>Cf.</u> <u>Hensley</u>, 461 U.S. at 434-35 (noting that some lawsuits may involve "different claims for relief that are based on different facts and legal theories" such that "counsel's work on one claim will be unrelated to his work on another claim," and that no fee may be awarded for counsel's work on an unsuccessful unrelated claim). Because the relief sought here was related, we decline to attempt to "divide the hours expended on a claim-by-claim basis." <u>Id.</u> at 435.[2]

---

[2] The Due Process Proceedings Timesheet reveals few, if any, time expenditures made specifically as to the speech-and-language evaluation request. While Plaintiff's preferred audiological and neuropsychological evaluators are mentioned by name in that timesheet, the speech-and-language evaluator was not so referenced. Given that so little time was expended on the speech-and-language evaluation, it is apparent that Plaintiff's counsel's expenditure of time "was reasonable in relation to the success achieved." <u>Hensley</u>, 461 U.S. at 436.

Plaintiff, by achieving three out of four of her related objectives in the proceedings below, achieved more than "limited or partial success." (Def. Opp'n at 6.) Hensley, 461 U.S. at 436. Rather, we characterize Plaintiff's counsel as having "obtained excellent results" and therefore find that he "should recover a fully compensatory fee." Id. at 431. We will not reduce the attorney's fee as urged by Defendant.

### 2. Costs

Plaintiff seeks an award of costs in the amount of $297.99 in the underlying matter and $369.00 in connection with the current fee application. (Stoloff Cert. at 3-4; Fee Application Timesheet; Due Process Proceedings Timesheet.) Defendant contends that it "should not be responsible for counsel's parking expenses" but otherwise does not challenge the reasonableness of the costs listed in the timesheets, which are limited to copying, mailing, faxing, and the $350.00 filing fee for instituting this action. (Def. Opp'n at 9.)

Expenses such as "filing fees . . . and expenditures associated with compiling and sending papers to the court" and the opposing party are reasonable, and will be awarded here. F.B., 2008 WL 4513874, at *12. Parking and travel expenses, however, are not recoverable. L.T. ex rel. B.T. v. Mansfield Twp. Sch. Dist., No. 04-1381, 2009 WL 2488181, at *3 (D.N.J. Aug. 11, 2009); see generally 28 U.S.C. § 1920; Arlington Cent. Sch.

14

Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297-98 (2006). Therefore, Plaintiff's counsel's parking expenses, which total $53.00, will be excluded from the award of costs. The Court will order an award of costs of $263.99 in the underlying due process proceeding and $350.00 in the current fee application, for a total award of costs of $613.99.

## CONCLUSION

For the reasons stated above, the Court will (1) grant the motion for summary judgment, and (2) award attorneys' fees and related costs to Plaintiff in the amount of $16,766.49. The Court will issue an appropriate order and judgment.


                                         s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:    May 18, 2011